MAYER • BROWN

Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel +1 202 263 3000
Main Fax +1 202 263 3300
www.mayerbrown.com

Archis A. Parasharami
Direct Tel +1 202 263 3328
Direct Fax +1 202 263 5328
aparasharami@mayerbrown.com

April 25, 2016

BY ECF

The Honorable LaShann DeArcy Hall
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Shvarts v. Lyft, Inc.*, No. 1:16-cv-00748-LDH-VMS

Dear Judge DeArcy Hall:

We represent Lyft, Inc. ("Lyft") in the above-referenced matter. Pursuant to Section III.A.1(a) of Your Honor's Individual Practices, we submit this letter to request a pre-motion conference regarding a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

Just one day after receiving a text message offering a discount on Lyft's service, Plaintiff Elizabeth Shvarts filed a putative class action lawsuit alleging that Lyft violated the federal Telephone Consumer Protection Act (TCPA) with respect to her. For the reasons discussed below, her abruptly-filed claim is meritless.

To survive a motion to dismiss, a TCPA plaintiff must plausibly allege that her claims satisfy each element of the statute, including (among other things) (i) that the defendant "ma[d]e" the call at issue (here, the text message of which Shvarts complains) and (ii) that the defendant used an automatic telephone dialing system (ATDS). Ms. Shvarts cannot satisfy these standards, and thus—as we intend to detail in a motion to dismiss—she cannot state a claim. Specifically, Lyft will show (1) that Lyft did not initiate the text message ("make [the] call") that Shvarts received; and (2) that Ms. Shvarts has not plausibly alleged that the text messages were sent using an automatic telephone dialing system (ATDS).

I. **Under The FCC's Authoritative Interpretation Of The TCPA, Lyft Is Not Liable For Text Messages Sent By *Users* Using The "Invite Friends" Function Of Lyft's Mobile Phone Application—As Another Federal Court Just Held.**

In relevant part, the TCPA does not allow a person to "***make any call*** (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system." 47 U.S.C. § 227(b)(1)(A) (emphasis added). Thus, in order to state a claim against Lyft for violation of the TCPA, Ms. Shvarts must plausibly allege that Lyft is the party that "ma[d]e" the call (*i.e.*, the text message) she alleges she received.

But Ms. Shvarts cannot do so. In a recent declaratory ruling, the FCC, which administers the TCPA, held that text messages delivered by a user-driven "Invite Friends" function in a

Mayer Brown LLP operates in combination with other Mayer Brown entities (the "Mayer Brown Practices"), which have offices in North America, Europe and Asia and are associated with Tauil & Chequer Advogados, a Brazilian law partnership.

mobile phone application are sent by *users*, not the operator of the application. *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C.R. 7961, 2015 WL 4387780 (July 10, 2015).

Applying the *TextMe* ruling, a federal court in Washington recently dismissed TCPA claims against Lyft involving the "Invite Friends" feature. Order on Mot. to Dismiss, *Wright v. Lyft, Inc.*, No. 2:14-cv-00421-MJP (W.D. Wash. Apr. 15, 2016) (attached as Exhibit A). The *Wright* court began by analyzing the FCC's ruling in *TextMe*. That ruling concerned TextMe, a mobile phone app that allowed users to invite friends via text message, by taking a number of affirmative steps. *See id*. at 4. The *Wright* court noted that the FCC first explained that the party who "makes" a call for purposes of the TCPA is the party who either takes the "steps to physically place [the] telephone call" or is "so involved in the placing of [the] specific telephone call as to be deemed to have initiated it." *Id.* (quotation marks omitted). Then, applying that test, the FCC concluded that "TextMe does not make or initiate a call" under the TCPA "when one of its app users sends an invitational text message," because "[t]he app user's actions and choices effectively program the cloud-based dialer to such an extent that he or she is so involved in the making of the call as to be deemed the initiator of the call." *Id.* at 5.

In *Wright*, the court held that, in light of the *TextMe* ruling, Lyft is not the sender of invitational text messages like the one Ms. Shvarts received. The court explained that Lyft's "Invite Friends" function is "virtually indistinguishable" from TextMe's "invite your friends" system because it requires a user to perform a number of affirmative steps to send messages. *Id.* at 4. It concluded that Lyft *users* are therefore the initiators of invitational text messages sent through the Lyft app. *Id.* at 4. This Court should reach the same conclusion and dismiss Ms. Shvarts's TCPA claim on the ground that Lyft did not "make" any call in violation of the TCPA.

Indeed, screenshots detailing how the "Invite Friends" function on Lyft's app works further demonstrate that the *Wright* court was correct. In order to use this function, a user must first open the Lyft application and manually select "invite friends." When this option is selected, the application will display a list of the user's contacts. *See* Exhibit B.[1] The user must then choose the contact (or contacts) that he or she wishes to invite to Lyft, by manually tapping the

---

[1] The Court may consider attached Exhibits B-D, which are screenshots of the "Invite Friends" function as it appears in Lyft's mobile phone app, in ruling on the motion to dismiss. In resolving a motion to dismiss, a court may consider documents that are "'integral' to the complaint." *Bonner v. The Bank of New York Mellon*, 2016 WL 1426515, at *3 (E.D.N.Y. Feb. 22, 2016) (internal quotation marks omitted). "A document need not be expressly cited in the complaint to be 'integral' to the complaint, so long as plaintiff 'relied heavily upon its terms and effect' in framing the complaint." *Id.* at *4 (brackets omitted) (quoting *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011)). Here, Ms. Shvarts relies on the "terms and effect" of the "Invite Friends" function in framing her complaint, by relying on a text message that self-evidently was sent using that function and even attaching a copy of the message to her complaint. *See* Compl. Ex. A. Thus, the screenshots attached to this letter should be deemed incorporated by reference into the complaint.

radio button which appears next to each contact. *See* Exhibit C. Once the user has selected a contact (or contacts), he or she must manually press "send invites," which appears at the bottom of the same screen. *Id.* The Lyft application will then convey the Lyft user's choices to the phone's text messaging function by providing that function with the selected contact or contacts and populating the user's text box with a draft form message. *See* Exhibit D. The user may alter or edit the draft message. *Id.* The user must then manually press "send" to send the text message.

In short, under the FCC's ruling in *TextMe* and the recent decision in *Wright* dismissing a similar TCPA claim against Lyft, Ms. Shvarts' TCPA claim fails as a matter of law.

## II. Ms. Shvarts Has Not Plausibly Alleged That The Text Message She Allegedly Received Was Sent Using An ATDS.

As noted above, one of the elements of a TCPA claim is that the call or text message at issue have been sent using an "automatic telephone dialing system" (ATDS). 47 U.S.C. § 227(b)(1)(A). Ms. Shvarts' lawsuit should be dismissed for the independent reason that she has not plausibly alleged that an ATDS was used to send the text message.

In order to survive the pleading stage, a plaintiff has the burden of alleging "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Yet "conclusory statements" are all that Ms. Shvarts has offered regarding the ATDS element of her claim: her complaint states, without more, that "[o]n information and belief, the SMS message sent on behalf of Lyft to Plaintiff on her cellular telephones was made via an [ATDS]." Compl. ¶ 23. This statement is insufficient to "raise [her] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Indeed, courts have repeatedly dismissed TCPA claims when a plaintiff has offered nothing more than a conclusory assertion based on "information and belief" that an ATDS was used. *See, e.g.*, *Baranski v. NCO Fin. Sys., Inc.*, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014) (dismissing complaint and noting that "the vast majority of courts to have considered the issue have found that a bare allegation that defendants used an ATDS is not enough" (quotation marks and brackets omitted)); *Jones v. FMA Alliance Ltd.*, 978 F. Supp. 2d 84, 87 (D. Mass. 2013) ("The sole reference in the proposed amended complaint to the use of ATDS reads . . . 'On information and belief, . . . Defendant used an automated telephone dialing system . . . .' Such a bare allegation, without more, is insufficient to sustain a TCPA claim."); *Knutson v. Reply!, Inc.*, 2011 WL 291076, at *2 (S.D. Cal. Jan. 27, 2011) (dismissing a complaint and noting that "it is conclusory to allege that messages were sent using equipment that, upon information and belief," constituted an ATDS (quotation marks omitted)).

This Court should do the same. Indeed, this case is an especially appropriate one in which to dismiss the plaintiff's allegations as conclusory and implausible: Because Ms. Shvarts filed her lawsuit within a day of receiving the text, it is impossible to believe that she or her lawyers drafted the complaint after conducting a reasonable inquiry into the facts.

Mayer Brown LLP

Sincerely,

/s/ Archis A. Parasharami

Counsel for Lyft, Inc.

Attachments